UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNIE SIMPSON,

                                **Petitioner,**

   vs.                                                 9:20-CV-00036
                                                                   (MAD/DJS)
MR. MELECIO,

                                **Respondent.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**JOHNNIE SIMPSON**
3 Wayside Drive
Hurley, New York 12443
Petitioner, *Pro Se*

**OFFICE OF THE NEW YORK**                    **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Petitioner Johnnie Simpson commenced this action *pro se* on January 10, 2020, seeking a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner challenges his 2015 conviction upon his guilty plea of criminal possession of a controlled substance in the third degree. *See id.* at 1. Broadly stated, Petitioner argues that his conviction should be set aside because (1) his counsel had "an actual conflict of interest"; (2) he "was denied his constitutional right to effective assistance of counsel"; (3) the trial court failed to hear his motion to withdraw his guilty plea; and (4) a "prosecutor's witness committed a number of material forms of perjury." *Id.* at 16-24 (capitalization omitted). Respondent filed opposition to

the petition, *see* Dkt. No. 14, and Petitioner filed a traverse in further support of the petition, *see* Dkt. No. 20. In a Report-Recommendation and Order dated June 13, 2022, Magistrate Judge Stewart recommended that the Court deny and dismiss the petition in its entirety. *See* Dkt. No. 21.

Neither party has filed any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order. Initially, Magistrate Judge Stewart correctly concluded that Petitioner's conflict of interest arguments are unavailing because (1) Petitioner knowingly and intelligently waived any possible conflict after the state court explained, on the record, the potential ramifications of continued

representation by his counsel, carefully ascertained whether Petitioner was aware of the potential risks, and afforded Petitioner an additional two weeks to discuss this issue with his counsel or seek alternative representation, *see Kopp v. Fischer*, 811 F. Supp. 2d 696, 704 (W.D.N.Y. 2011) (quoting *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982); *People v. Gomberg*, 38 N.Y.2d 307, 313-14 (1975)); and (2) Petitioner did not have an actual or potential conflict of interest with his counsel, who never had the opportunity to cross examine the confidential informant he briefly represented for purposes of arraignment and setting bail because Petitioner's case never went to trial and the confidential informant was not available during earlier proceedings, *see United States v. Mallard*, 164 F.3d 620 (2d Cir. 1998) (determining that no conflict of interest occurred where there was no evidence that the defendant "was prejudiced or that his attorney's performance was affected by the fact that a witness in a trial that never happened was represented by another attorney who worked for the same Legal Aid organization as [the defendant]'s counsel").

    Magistrate Judge Stewart also soundly determined that Petitioner's counsel did not provide ineffective assistance of counsel as Petitioner has not established either that his counsel's performance was deficient or that his performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a claim of ineffective assistance of counsel requires a petitioner to show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense"). With respect to Petitioner's claim that his counsel should have made a speedy trial motion, his counsel's decision not to do so cannot be deficient where there is no evidence that such a motion would have been successful. *See United States v. Gomez*, 644 F. Supp. 2d 362, 369 (S.D.N.Y. 2009) ("'If a speedy trial motion likely would have been unsuccessful, trial counsel's failure to make the motion does not constitute ineffective

3

assistance'") (quotation omitted). Here, (1) the approximately nine month delay is not sufficient to justify a well-grounded speedy trial objection; (2) most of that delay was attributable to a series of postponements by Petitioner; (3) there was no period of pretrial incarceration; and (4) Petitioner has not shown any indication that his defense was impaired by the delay. *See People v. Johnson*, 39 N.Y.3d 92, 96 (2022) (setting forth the factors for assessing speedy trial claims).

As to Petitioner's other ineffective assistance claims, (1) Petitioner has not raised any evidence to rebut the presumed correctness of the state courts' factual finding that his trial counsel had no reliable information establishing that the informant testified falsely, *see* 28 U.S.C. § 2254(e)(1); *see also Laboriel v. Lee*, No. 21-338, 2022 WL 4479527, *2 (2d Cir. Sept. 27, 2022) ("[A] federal court will 'presume the correctness of state courts' factual findings unless [petitioners] rebut this presumption with clear and convincing evidence'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); (2) Petitioner's counsel did not perform deficiently with respect to challenging the probable cause for Petitioner's arrest where his counsel requested *Huntley* and *Dunaway* hearings on the issue, but Petitioner entered a guilty plea before a decision could be reached; (3) Petitioner's conclusory and unsupported claim that his trial counsel failed to conduct a proper investigation is patently insufficient to raise an ineffective assistance of counsel claim, *see Wood v. Artus*, No. 15-CV-4602, 2020 WL 3256848, *9 (E.D.N.Y. June 15, 2020) ("'While failure to conduct adequate pre-trial investigation may serve as the basis for a claim of ineffective assistance of counsel under *Strickland* ... a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation'") (quotation and citation omitted); (4) Petitioner's conclusory allegations cannot establish that his guilty plea was either coerced or involuntary where he stated, under oath, that he was not being coerced into entering a plea and that he consulted with his counsel regarding his

plea and was satisfied his with counsel's representation, *see Garner v. Lee*, 908 F.3d 845, 867 (2d Cir. 2018) (noting that "'[s]olemn declarations in open court carry a strong presumption of verity,' and that '[t]he subsequent presentation of conclusory allegations unsupported by specifics is' often 'subject to summary dismissal'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); and (5) Petitioner was not prejudiced by his appellate counsel's decision not to raise his probable cause argument because he raised that argument himself in his *coram nobis* motion, which the Appellate Division, Third Department, reviewed and denied, *see Smalls v. McGinnis*, No. 04-CV-0301, 2004 WL 1774578, *28 (S.D.N.Y. Aug. 10, 2004) (collecting cases); *see also Benn v. Stinson*, 917 F. Supp. 202, 206 (S.D.N.Y. 1995) ("[R]eviewing courts should not second guess the reasonable professional judgments of appellate attorneys as to the most promising appeal issues").

Finally, as Magistrate Judge Stewart found, Petitioner's remaining contentions are without merit. Petitioner's claim that the trial court violated his constitutional rights by failing to hear his application to withdraw his guilty plea must fail because he has not provided any evidence to rebut the state court's factual finding that Petitioner never actually made a motion to withdraw his guilty plea in the first place. *See* 28 U.S.C. § 2254(e)(1). Additionally, Petitioner's allegation that one of the prosecutor's witnesses committed perjury when he "failed to inform the court that [Petitioner] asked for a[n] attorney," Dkt. No. 1 at 22, is conclusory, and an "unsupported allegation of perjury is insufficient as a matter of law." *Encarnacion v. McGinnis*, No. 01-CV-0586, 2008 WL 795000, *10 (N.D.N.Y. Mar. 24, 2008). Lastly, Magistrate Judge Stewart soundly denied Petitioner's unsupported request for an affidavit from his trial counsel responding to the allegations in this motion. *See Ferranti v. United States*, 480 Fed. Appx. 634, 638 (2d Cir. 2012) (holding that a habeas petitioner is entitled to discovery only if the court "acting in its discretion, finds 'good cause' to allow it. ... This 'good cause' standard is satisfied 'where specific

allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief'") (quotation omitted).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 21) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 28, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge

6